**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ENRIQUE F.G.,

                    Petitioner,

      v.

TODD BLANCHE, *Attorney General of the United States*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director of Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and

RYAN SHEA, *Sheriff of Freeborn County*,

                Respondents.

Civil No. 26-3457 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

James S. Dugan, **ZELLE LLP**, 500 Washington Avenue South, Suite 4000, Minneapolis, MN 55415, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Enrique F.G. is a citizen of Mexico and a resident of Minnesota who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On July 30, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest

and continued detention violate the Fifth Amendment of the United States Constitution, the Administrative Procedure Act ("APA"), and the *Accardi* doctrine.

The Court concludes that Petitioner's arrest and detention violate his Fifth Amendment right to procedural due process. The Court will grant the petition in part and will order that Petitioner receive an individualized bond hearing.

## BACKGROUND

### I.    FACTS

Petitioner is a citizen of Mexico. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 12, July 30, 2026, Docket No. 1.) He has resided in the United States since May of 2023 and is currently a resident of Farmington, Minnesota. (*Id.* ¶¶ 6, 12.) Petitioner's Form I-213 states that on "May 8, 2023, [Petitioner] presented himself at the Brownsville Port of Entry and claimed asylum. [Customs and Border Patrol] served a Notice to Appear (I-862) and paroled [Petitioner] into the country pending immigration hearings." (Decl. of Angela Minner ("Minner Decl.") ¶¶ 10–12, Attach. 2 (2026 I-213), Attach. 3 (NTA), Aug. 5, 2026, Docket No. 6.) An older Form I-213 further indicates that Petitioner's parole was for one year. (*Id.*, Attach. 1 (2023 I-213) at 2.) Petitioner has a pending asylum application. (Pet. ¶ 12.)

On April 11, 2026, Petitioner was arrested by the Scott County Sheriff's Department for driving while impaired and for a controlled substance offense. (Minner Decl. ¶ 7.) That same day, ICE issued a Form I-200 arrest warrant. (*Id.* ¶ 9 & Attach. 4.)

On June 11, 2026, ICE took Petitioner into custody as part of a traffic stop. (*Id.* ¶ 14; *see also* Minner Decl. ¶ 9.)  The I-200 arrest warrant was served on Petitioner during the traffic stop, and Petitioner was placed under arrest.  (Minner Decl.¶ 9 & Attach. 4.)

## II.   PROCEDURAL HISTORY

On July 30, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus, contending that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the APA, and the *Accardi* doctrine.  The Court directed Respondents to file a reasoned memorandum responding to Petitioner's claims. (Docket No. 4.) Respondents timely filed their response, and Petitioner replied.  (Docket Nos. 5, 7.)

## DISCUSSION

Petitioner argues that the statutory provision that authorizes his arrest and detention is 8 U.S.C. § 1226(a), which provides for individualized bond hearing. Respondents argue both that Petitioner (1) is an "arriving alien" by virtue of his asylum application and is therefore subject to mandatory detention under § 1225(b)(1)(B)(iii)(IV) and (2) is an applicant for admission and is thus subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

### A.   Mandatory Detention Under § 1225(b)(1)(B)

To the extent Respondents assert Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), the Court disagrees.  The subsection on which Respondents rely provides: "Any alien subject to the procedures under this clause shall be detained pending

a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

Section 1225(b)(1)(B)(ii) provides that if an immigration officer "determines at the time of the interview that an [asylum applicant] has a credible fear of persecution," then the noncitizen "shall be detained for further consideration of the application for asylum." Only if the immigration officer determines the asylum applicant "does **not** have a credible fear of persecution," does one turn to § 1225(b)(1)(B)(iii), entitled "Removal without further review if no credible fear of persecution[.]" *Id.* § 1225(b)(1)(B)(iii)(I) (emphasis added). Section 1225(b)(1)(B)(iii)(IV) only applies to noncitizens "subject to the procedures under this clause"—that is, who have been found to have no credible fear of persecution.

The Court concludes that Petitioner's detention is not governed by § 1225(b)(1)(B) for at least two reasons. **First**, the record does not reflect that a credible fear interview ever occurred. Absent such an interview, Petitioner cannot be detained under § 1225(b)(1)(B)(ii) because the interview is a condition precedent to any subsequent detention. *See Mervis E.A.M. v. Noem*, Civ. No. 26-861, 2026 WL 323636, at *1 (D. Minn. Feb. 6, 2026). Nor can Petitioner be detained under § 1225(b)(1)(B)(iii)(IV)—because in the absence of a credible fear interview, no officer could have determined that the non-citizen "does not have a credible fear of persecution . . . ." 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

-4-

**Second**, for the reasons set forth in *Abdirashid H.M.*, § 1225(b)(1)(B)(ii) does not mandate detention of individuals seeking asylum who have been present in the United States for years, as Petitioner has here. *See Abdirashid H.M. v. Noem*, Civ. No. 25-4779, 2026 WL 127698, at *3 (D. Minn. Jan. 9, 2026) ("[T]he Court concludes that § 1225(b)(1)(B)(ii), which provides for the initial mandatory detention of noncitizens subject to § 1225(b)(1) who are found to have a credible fear of persecution in their home country, does not authorize the mandatory detention of that noncitizen once they have been paroled into the country and released.").

### B.      Applicant for Admission

Respondents further argue that Petitioner is subject to detention because he is an applicant for admission and is therefore subject to detention under 8 U.S.C. § 1225(b)(2)(A).  (Resp. at 2, Aug. 5, 2026, Docket No. 5 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).)  But unlike Avila who "entered the United States without inspection or admission" and had lived in the country for years without seeking admission, *Avila*, 170 F.4th at 1132, Petitioner is an asylum applicant.

As the Seventh Circuit explained in *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026), Petitioner "is not seeking admission: the relief he now seeks, asylum . . . is not admission as the statute and Supreme Court case law use that term. . . .  Nor can [Petitioner] successfully 'seek' admission, as his unlawful entry

renders him inadmissible."[1]  The Court therefore concludes that Petitioner is not subject to detention under 8 U.S.C. § 1225(b)(2)(A).

In sum, the Court concludes that Petitioner is not subject to mandatory detention under § 1225(b)(1)(B)(iii)(IV) or § 1225(b)(2)(A).

### C.    Invocation of 8 USC § 1226

Petitioner argues that the statutory provision that authorizes his arrest and detention is 8 U.S.C. § 1226(a).  Indeed, Respondents invoked 8 USC § 1226 in the Form I-200 administrative warrant.    (Minner Decl., Attach. 4.)[2]    Because Respondents represented to Petitioner that his arrest was based on § 1226(a), the Court will hold Respondent to those representations.  *Hector J.A.S. v. Shea*, Civ. No. 26-2242, 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (citing *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 970 (D. Minn. 2025)).    The Court therefore considers Petitioner subject to the discretionary detention framework set forth in 8 U.S.C. § 1226.

---

[1] *See also Mervis E.A.M.*, 2026 WL 323636, at *1 n.1 (noting that the mere filing of an asylum application does not render detainees subject to mandatory detention under 8 U.S.C. § 1225(b)(2)).

[2] The warrant was directed to: "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Minner Decl., Attach. 4.)

**D.    Remedy**

The Court therefore turns to the proper remedy.  Because Petitioner is subject to the discretionary detention framework set forth in 8 U.S.C. § 1226, a bond hearing pursuant to § 1226(a) is the appropriate remedy.[3]

Further, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his procedural due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), for the reasons set forth in *Axel J.M.C. v. Stanski*, Civ. No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Enrique F.G.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED IN PART** as follows:

1.  Petitioner's detention is governed by 8 U.S.C. § 1226 and his continued detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment;

---

[3] Petitioner suggests that a bond redetermination hearing is likely to be futile and requests that the Court order immediate release.  While the Court is aware of immigration judges denying requests for a bond hearing under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Court is not aware of immigration judges denying a bond hearing that has been ordered by this Court.  The Court will, therefore, order that Petitioner receive a bond hearing, affording him all proceedings and rights provided by § 1226 and its corresponding regulations.

2. Respondents shall provide Petitioner with an individualized bond hearing within **seven (7) days** of the date of this Order, with at least 48 hours advance notice to counsel, in which both parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained; Petitioner shall be afforded all proceedings and rights provided by § 1226 and its corresponding regulations;

3. If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention; and

4. **By 5:00 P.M. on August 21, 2026**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.  Further, the parties shall advise the Court at that time whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: August 13, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-8-